O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| OSCAR ANDRES NARVAEZ MIRAMONTEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration,<br><br>        Defendant. | Case No. SACV 12-00866-MLG<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Oscar Miramontez seeks judicial review of the Commissioner's final decision denying his application for disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is affirmed and the matter is dismissed with prejudice.

**I.  Background**

Plaintiff was born on March 9, 1970, and was 38 years old at the time he filed his application for benefits. (Administrative Record ("AR") at 131.) He has a high school education and has relevant work experience as an air conditioning installer, painter and drywall installer. (AR at 160, 162.) Plaintiff filed his DIB application on

November 3, 2008, alleging disability beginning November 15, 2003, due to lower back pain, insomnia and depression. (AR at 65, 131-34.)

Plaintiff's application was denied initially on December 8, 2008, and upon reconsideration on February 18, 2009. (AR at 71-74, 77-81.) An administrative hearing was held on March 16, 2010, before Administrative Law Judge ("ALJ") Alexander Weir, III. Plaintiff, represented by counsel, testified, as did a vocational expert. (AR at 36-64.)

On April 5, 2010, the ALJ issued an unfavorable decision. (AR at 21-35.) He found that the medical evidence established that Plaintiff suffered from a severe back impairment. (AR at 24.) However, the ALJ determined that Plaintiff's impairment did not meet, and was not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR at 26.) The ALJ further found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) with the following limitations:

> Specifically, the claimant could lift or carry 10 pounds frequently and 20 pounds occasionally. He could stand and walk for 2 hours in an 8-hour work day (with normal breaks), and could sit for 6 hours in an 8 hour day. He could push or pull without limitation. He would need to be able to alternate sitting and standing, as needed. In addition he was precluded from climbing ladders, ropes or scaffolds, but he was able to occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He has no other manipulative, visual, environmental or communicative limitations.

(AR at 27.)

//

The ALJ concluded that although Plaintiff was incapable of performing any past relevant work, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, and therefore Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f). (AR at 30-31.)

On February 23, 2012, the Appeals Council denied review. (AR at 1-6.) Plaintiff then timely commenced this action for judicial review. On December 14, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) failing to give proper weight to the opinion of Plaintiff's treating physician; and (2) failing to perform a proper credibility analysis. (Joint Stip. at 4.) Plaintiff seeks reversal of the Commissioner's denial of his application and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stip. at 20-21.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 21.)

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a

scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

    **A.   The ALJ Accorded Appropriate Weight to the Opinion of Plaintiff's Treating Physician**

Plaintiff contends that the ALJ erred in failing to give controlling weight to the opinion of his treating physician, Dr. Jonathan M. Wong, M.D. (Joint Stip. at 15.) On February 12, 2010, Dr. Wong completed a Residual Functional Capacity Questionnaire, which diagnosed Plaintiff with displacement of the intervertebral disc with myelopathy. (AR at 613.) Dr. Wong opined that Plaintiff could sit for less than two hours and could stand and walk for about two hours in an eight-hour workday. (AR at 616.) Dr. Wong also stated that Plaintiff would likely miss work three times a month as the result of his impairments. (AR at 618.) Dr. Wong determined that Plaintiff's symptoms and limitations began in 2002. (AR at 619.)

An ALJ should generally accord greater probative weight to a treating physician's opinion than to opinions from non-treating sources. *See* 20 C.F.R. § 404.1527(d)(2). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor

4

of a non-treating physician's contradictory opinion. *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, the ALJ need not accept the opinion of any medical source, including a treating medical source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *accord Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. *Orn*, 495 F.3d at 631-33; 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii).

The ALJ provided several legitimate reasons for refusing to give Dr. Wong's opinion controlling weight, which were supported by substantial evidence in the record. The ALJ reviewed and summarized Plaintiff's relevant medical records from July 2008 to February 2010. (AR at 29-30.) After discussing these records in detail, the ALJ noted that Dr. Wong's opinion was entitled to less weight because it covered a period five years before Dr. Wong actually began treating Plaintiff in 2007. (AR at 29.) It was reasonable for the ALJ not to give probative weight to Dr. Wong's retrospective opinion, particularly given that the state agency physician and the qualified medical examiner both concluded that Plaintiff could perform a range of light work. (AR at 519, 541, 543). *See Magallanes v. Bowen*, 881 F.2d 747, 754 (9th Cir. 1989) (affirming rejection of treating physician's retrospective opinion where physician had no direct personal knowledge of the claimant's condition until more than two years after alleged onset date of disability and

which was contradicted by findings of several doctors who had the opportunity to examine the claimant during the relevant time period).

The ALJ also gave less weight to Dr. Wong's opinion because he is a family physician and not an orthopedic surgeon or other back specialist. (AR at 29.) Plaintiff generally received medical treatment for his back impairment from an orthopedic surgeon, Dr. Jacob Tauber, M.D., rather than Dr. Wong, his primary care physician. (AR at 232-34, 243-64, 366.) Although Dr. Wong occasionally refilled Plaintiff's Vicodin prescription for back pain, Dr. Wong primarily treated Plaintiff for anxiety, depression and sleep problems, not for a back impairment. (AR at 313, 336, 356-57, 366.) This was a proper basis under the Social Security regulations for giving less weight to Dr. Wong's opinion regarding Plaintiff's back impairment. *See* 20 C.F.R. § 404.1527(c)(2)(ii) ("For example, if your ophthalmologist notices that you have complained of neck pain during your eye examinations, we will consider his or her opinion with respect to your neck pain, but we will give it less weight than that of another physician who has treated you for the neck pain.").

Finally, the ALJ rejected Dr. Wong's opinion because Dr. Wong's own treatment records contradicted his finding of extreme limitations. (AR at 29.) As noted by the ALJ, Dr. Wong's few examinations of Plaintiff's back found no tenderness, a full range of motion and a negative straight leg raise. (AR at 29, 357, 580.) An ALJ may discredit a treating physician's opinion if it is conclusory, brief, and unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Tonapetyan*, 242 F.3d at 1149.

Accordingly, because the ALJ provided legitimate reasons supported by the record for refusing to give Dr. Wong's February 12, 2010 opinion

controlling weight, Plaintiff is not entitled to relief with respect to this issue.

**B.   The ALJ Properly Evaluated Plaintiff's Subjective Symptom Testimony**

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discounting his subjective symptom testimony. (Joint Stip. at 12.) To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[1]

//

---

[1] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

7

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id.* (citations omitted).

Plaintiff testified at the administrative hearing to the following symptoms and functional limitations: he has back pain almost every day; his medication makes him feel "out of it;" he loses sensation in his leg from a pinched nerve; he has rejected surgery but has received physical therapy, which provided only temporary relief; he wears a back brace and walks with a cane to help with his back pain; he can sit for about 20 minutes to a few hours before having to get up; he can walk for only 100 yards at a time; and he must lie down approximately ten times a day for 30-40 minutes to control the pain. (AR at 43-51.)

The ALJ found that Plaintiff's medical impairments could reasonably be expected to produce the alleged symptoms. (AR at 28.) The ALJ was therefore required to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective allegations of pain and functional

limitations. The ALJ provided various reasons for discrediting Plaintiff's testimony, each of which is fully supported by the record. First, the ALJ noted that Plaintiff's activities of daily living were at odds with his claims of debilitating pain and serious functional limitations. (AR at 28-29.) For example, the ALJ noted that, despite Plaintiff's testimony that he could not lift more than 10 to 15 pounds, Plaintiff reported to Dr. Wong in June 2008 that he carried around his two small children. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (the ALJ may use ordinary techniques of credibility evaluation, such as considering inconsistent statements and whether the claimant has been candid).

The ALJ also noted that Plaintiff's other daily activities were also inconsistent with his allegations of severe pain and limitations. Plaintiff helped prepare his children for school, dropped them off and picked them up from school, watched the youngest child alone during the day five days a week, ran errands, did laundry, washed dishes, cleaned, and traveled to Mexico for two months in December 2008. (AR at 28, 139, 140, 142, 147, 595.) Although a claimant "does not need to be 'utterly incapacitated' in order to be disabled," *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001), the ability to perform certain activities of daily life can support a finding that the claimant's reports of his or her impairment are not fully credible. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing *Fair v. Bower*, 885 F.2d 597, 604 (9th Cir. 1989)). The activity that

Plaintiff reported performing, particularly daily child care for three children, is much more strenuous than that found in *Curry*.

Finally, the ALJ noted that Plaintiff had declined surgery and been recommended psychotropic medication, which undermined his subjective complaints of pain and depression. (AR at 29.) An ALJ may properly rely on "unexplained or inadequately explained failure to seek treatment or to follow a course of treatment" in assessing credibility. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Fair,* 885 at 604 (finding that the claimant's allegations of persistent, severe pain and discomfort were belied by "minimal conservative treatment" and failure to follow doctor's advice). Here, Plaintiff apparently refused surgery because he was afraid of the possible complications and because Dr. Tauber stated that surgery might not be successful. (AR at 234-35, 286.) As Plaintiff notes, this is a legitimate reason for refusing back surgery. *See Nichols v. Califano*, 556 F.2d 931, 933 (9th Cir. 1977) ("A patient may be acting reasonably in refusing surgery that is painful or dangerous."). However, the fact that Plaintiff discontinued taking anti-depressant medication after only three weeks when he reported a 70% improvement in his mental symptoms after taking the medication (AR at 29, 336, 565), does demonstrate an unwillingness to improve his condition and could indicate that his symptoms were not as severe as reported. *See id.* (noting that a failure to follow a simple and effective medical procedure could undermine a claimant's credibility).

It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence, *Magallanes*, 881 F.2d at 750, and a reviewing court may not second-guess the ALJ's credibility determination when it is supported by substantial evidence in the record, as here. *See Fair,* 885 F.2d at 604. Accordingly, it was

reasonable for the ALJ to rely on the reasons stated above in finding that Plaintiff's subjective testimony regarding the severity of his symptoms was not wholly credible.

**IV. Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED** and the action is **DISMISSED** with prejudice.

DATED: January 2, 2013

_____
Marc L. Goldman
United States Magistrate Judge